WILLIE C. CHARLES *vs.* SAMPSON H. HARRIMAN.

Oxford.   Opinion September 27, 1922.

*Exceptions to a ruling directing a verdict necessarily bring up the whole record, and the record controls statements in the bill of exceptions.  Whether the employer has exercised reasonable care to provide a reasonable safe place in which, and a reasonable safe machine upon which, the employee was to work, is a question for the determination of the jury.   To recover damages for personal injuries against a non-assenting employer under the Workmen's Compensation Act, to exclude the defenses mentioned in section two of the Act, it must be alleged that plaintiff belongs to the class of employees who are within the Act.   An objection that the declaration failed to allege that the plaintiff was an employee within the statute, not made until after the evidence was closed, comes too late and should be overruled.*

In the instant case the court finds no evidence in the record which would justify a jury in finding the defendant guilty of negligence in respect to the construction, or condition of the machine, neither in the want of a guard for the saw, nor in the position of the spreader, nor in the use of the sawdust board.

The plaintiff, however, also charges negligence either in failure to equip the machine with a loose pulley or in not shutting down the mill when the machine needed oiling.  A jury might well find that the mill foreman knew of the necessity of oiling the machine during each half day run, and upon this issue it was a question for the determination of the jury whether, under existing conditions, the defendant had exercised reasonable care to provide a reasonably safe place in which, and a reasonably safe machine upon which, the plaintiff was to work.

The case being rightfully understood at the trial, and the allegations clearly indicating the intention of the pleader to institute an action against a non-assenting employer by an employee under the statute, the amendment offered should have been allowed; it simply made the declaration more formal.

Whether the injury was sustained by the plaintiff in the course of his employment was a question for the determination of the jury.

On exceptions by plaintiff.   This is an action to recover damages for personal injuries sustained by plaintiff while in the employment of defendant.   The first count in the writ states a cause of action at common law, and the other five counts set out causes of

action against a non-assenting employer under the Workmen's Compensation Act. The defendant pleaded the general issue, and the case was tried to a jury. At the close of evidence by defendant, his attorney moved for a directed verdict on the ground that the declaration showed only an action at common law, and that the evidence of plaintiff showed an assumption of risk and contributory negligence on his part, and further that plaintiff's employment was but casual. Counsel for plaintiff filed a motion to amend each count in the declaration, alleging continuous employment of plaintiff by defendant for a long time prior to the day of the injury. The presiding Justice refused to allow the amendment and plaintiff excepted. The presiding Justice then granted defendant's motion for a directed verdict for the defendant and and plaintiff excepted. Exceptions sustained.

The case is fully stated in the opinion.

*Hastings & Son and Ralph Parker*, for plaintiff.

*Bradley, Linnell & Jones*, for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, MORRILL, WILSON, JJ.

MORRILL, J. This case is before us upon exceptions to a ruling directing a verdict for defendant. The plaintiff seeks to recover damages for personal injuries received by him on January 8, 1921, while employed by defendant. The declaration contains six counts; the first count contains an allegation of due care on the part of the plaintiff, and states a cause of action at common law; the other five counts are framed to state causes of action against a non-assenting employer under the Workmen's Compensation Act, who regularly employed more than five employees in the same business in which the plaintiff was employed and who is limited in his defense by the limitations prescribed in section two of that Act; the intention of the pleader in that respect is perfectly apparent. Such joinder of counts is not objectionable. *Nadeau* v. *Caribou Water, Light and Power Co.*, 118 Maine, 325, 331.

The correctness of the ruling as to the count at common law is not challenged. The bill of exceptions states that "the evidence showed the plaintiff to have no action maintainable at common law due to his contributory negligence or to his assumption of risk."

The bill of exceptions presents the following concise statement of the contentions of the parties at nisi prius:

"The defendant pleaded the general issue and the case was tried to a jury. No testimony offered by either side was excluded during the trial. At the close of the defendant's evidence, the defendant's attorney moved for a directed verdict on the ground that the plaintiff's declaration showed only an action at common law and that his evidence showed an assumption of risk and contributory negligence on his part. The particular ground on which the defendant based his motion was that the plaintiff's declaration, in any of the counts, alleged facts sufficient only to show that the plaintiff's employment was but casual; that it devolved upon the plaintiff, if he desired to take advantage of the Workmen's Compensation Act, to allege facts sufficient to show that his employment at the time of the injury was not casual within the meaning of Section 1 of the Act, as amended. The plaintiff claimed that his declaration was sufficient to maintain an action under R. S., Chapter 50, as amended, under which the defendant was deprived of the various defenses as set forth in Section 2 of said chapter as amended. The evidence showed that on the day of the accident, the defendant operated a mill for the manufacture of dowels and regularly employed eight or ten employees in said manufacturing, and that the plaintiff had been regularly employed in said business for about six weeks prior to the accident, and was so employed on the day of the injury. There was evidence for the jury of the negligence of the defendant as alleged in the writ."

The presiding Justice having indicated that he should sustain the motion of defendant's counsel and direct a verdict in favor of defendant, plaintiff's counsel presented a motion to amend each count in the declaration, alleging continuous employment of plaintiff by defendant for a long time prior to the day of the injury. As to this amendment the bill of exceptions states:

"The presiding Justice refused to allow the amendment and the plaintiff excepted. After further argument, the presiding Justice granted the defendant's motion for a directed verdict for the defendant on the ground that the plaintiff's declaration showed only an action at common law, and that the evidence showed contributory negligence and assumption of risk by the plaintiff, and the plaintiff excepted, on the ground that his declaration was sufficient

to bring him within the Workmen's Compensation Act, and particularly that his declaration disclosed facts sufficient to show that the plaintiff's employment was not casual within the meaning of Section 1 of the Act, as amended."

In addition to his contention that the declaration is insufficient to sustain an action other than at common law, as stated in the above quotation from the bill of exceptions, the counsel for defendant now contends that plaintiff's injury was not received in the course of his employment, and that the defendant was not negligent.

It is apparent that if the last contention is well founded, the plaintiff was not prejudiced by the ruling and the other contentions become immaterial. True, the bill of exceptions states that "there was evidence for the jury of the negligence of the defendant as alleged in the writ."

The defendant's counsel challenges the truth of this statement; he is within his rights in so doing. Exceptions to a ruling directing a verdict necessarily bring up the whole record, and the record controls statements in the bill of exceptions. *Williams* v. *Sweet*, 121 Maine, 118. *Tower* v. *Haslam*, 84 Maine, 86, 89.

We therefore proceed to examine the record to determine whether it presents any evidence of negligence of the defendant causing the injury. This inquiry must be entirely independent of negligence on the part of plaintiff and his assumption of risk.

On the day of the injury and for some weeks before, the plaintiff was employed in the saw room of defendant's dowel mill in operating a machine known as a "stripper"; his part in such operation was to feed the lumber into the machine. Back of him, as he stood at his machine, and a little at his left, about three feet distant from him, was another machine called a "bolter" operated by one Potter; as the logs or bolts were delivered in the saw room, they were first sawed into boards upon this machine with a circular saw. Both the stripper and the bolter required oiling four times a day, before starting in the morning, about the middle of the forenoon, during the noon hour, and about the middle of the afternoon. The bolter was not equipped with a loose pulley, and could not be shut down without shutting down the mill. A jury would be warranted in finding that for sometime prior to the day of the injury the plaintiff had oiled both stripper and bolter, at least in

the middle of forenoons and afternoons. On the day in question, in the forenoon, he oiled his machine and proceeded to oil the bolter, while the saw was running, as he had frequently done before; in some way, which he does not very clearly explain, his left hand came in contact with the saw and he lost substantially three fingers. In the fifth count in the writ plaintiff charges negligence on the part of defendant, in the construction, maintenance and use of the bolter, in several particulars. Without quoting the evidence at length it is sufficient to say that we find no evidence in the record which would justify a jury in finding the defendant guilty of negligence in respect to the construction, or condition of the machine, neither in the want of a guard for the saw, nor in the position of the spreader, nor in the use of the sawdust board; the relative positions of the spreader and sawdust board did not constitute a trap; the plaintiff had worked in the mill during the previous season, was familiar with the machine and its equipment. The plaintiff also charges negligence either in failure to equip the machine with a loose pulley or in not shutting down the mill when the machine needed oiling; he charges that he was required to oil the bolter while the saw was in motion. While there is no evidence that he or anybody else was expressly required to do so, it is evident, and a jury might well find, that the mill foreman knew of the neces- sity of oiling the bolter during each half day run, and that the mill was not shut down for that purpose. The bolter was oiled through a box equipped with a metal cover fitted level with the top of the saw table; the box was located opposite the middle of the saw and in size was about five and one half inches by six inches across the table; from the centre of the oil box to the saw was six inches, or three inches from the edge of the box to the saw; and the centre of the box was about fifteen inches from the edge of the saw. In the space, about ten inches wide, (according to the testimony of a builder of such machine) between the saw and the sawdust board, sawdust, and sometimes boards, accumulated from the operation of the bolter, and into that space and close to the saw, the employee before oiling was obliged to reach over the board, and remove the accumulated sawdust from the cover of the oil box, brushing it to either side. We think that under such con- ditions it was for the jury to say whether reasonable care for the safety of his employees did not require the employer to equip the

bolter with a loose pulley, or otherwise provid'e for shutting down the machine for the necessary oiling. True, the plaintiff says, "I thought there was no danger of taking the risk of dealing with the saw." This expression goes to the question of defendant's contributory negligence or his assumption of risk, with which we are not now concerned. But the facts of the case present the other issue whether under existing conditions the defendant had used reasonable care to provide a reasonably-safe place in which the employee was to work, and a reasonably-safe machine, so that "the risk of dealing with the saw" might be materially reduced or become non-existent, when the machine required oiling. We think that this issue was for the determination of the jury.

We must, therefore, consider the ruling in relation to the other points raised by defendant against the maintenance of the action. The defendant contends that none of the counts are sufficient to support an action against a non-assenting employer under the Workmen's Compensation Act, and to deprive the employer of the defenses named in the second section of the Act, because none of them allege that the plaintiff was an employee within the meaning of the Act, and because the facts show that the injury was not received in the course of plaintiff's employment. The first contention presents a question of pleading; the second, one of fact.

It is only in actions to recover damages for personal injuries sustained "by an employee in the course of his employment," or for death resulting from personal injury so sustained, that certain defenses are excluded by section two of the Act. Not all employees are "employees" within the meaning of the Act; there are numerous exceptions, among them, persons "whose employment is but casual, or is not in the usual course of the trade, business, profession or occupation of his employer." The word "or" is here used in its ordinary sense and accurate meaning as a disjunctive particle; *Guy L. Mitchell's Case,* 121 Maine, 455; it is not to be construed as "to wit," thus serving to explain what precedes by what follows; it rather indicates one or the other of two or several persons, things or situations and not a combination of them. So, although the injury may have been received in the usual course of the trade, business, profession or occupation of the employer, yet if the employment of the injured person was but casual, he is within the excepted class and is not an employee under the Act. *Gaynor's*

*Case,* 217 Mass., 86. The statute of Massachusetts now differs from our own. Mass. St. 1914, c. 708, Sec. 13. ..

The defendant contends "that the plaintiff's declaration in this case does not show him to be a regular employee, it does not even negative the exception that he is a casual employee, in fact it describes him as one." We think that, following the rule applied in *Nadeau* v. *Caribou Water, Light & Power Co.,*. supra, the declaration must allege that the plaintiff belongs to the class of employees who are within the Act. The rule laid down in *Hight* v. *Quinn,* 86 Maine, 491, applies: "If the exception is descriptive of the class of persons who may sue, or is descriptive of the cause of action, or is descriptive of the class of persons who may be sued, such descriptive exceptions should be stated in the declaration, to show affirmatively that the plaintiff, the cause of action, and the defendant are all within the statute."

In the last five counts the plaintiff alleges in each count "that the said defendant on the eighth day of January, 1921, owned and operated a mill for the manufacturing of dowels, located in said Fryeburg, and regularly employed therein more than five employees for the purposes of said manufacturing, and that the said plaintiff on said eighth day of January, 1921, was employed in said mill by the said defendant." Of this allegation defendant's connsel says: "It simply alleges that the plaintiff was working for defendant on one single day which, of course, would make him only a casual employee." This is clearly a wrong conclusion; the plaintiff might have begun work on the morning of that day under a contract of continuous employment for the season; certainly we cannot say that, because the declaration alleges that the plaintiff was at work on a particular day, his employment was but casual.

Further examination of the same counts shows that no one contains an allegation of due care on the part of the plaintiff, and that each alleges that the injury was received while the plaintiff was in the scope and course of his employment, and was due to the negligence of defendant. The counts in such form clearly indicate the intention of the pleader to institute an action against a non-assenting employer and to deprive the defendant of the defenses mentioned in section two. The plaintiff upon the facts was a regular employee; the defendant knew that to be true, and could not be misled by the pleadings or surprised by the proof; it was con-

ceded. The defendant pleaded the general issue and went to trial; his counsel did not raise the question that the declaration failed to sufficiently set out that the plaintiff was an employee within the statute until the evidence was closed. We think that the objections made at the time and under such circumstances should have been overruled. The objection was purely technical and was made after a trial in which the case was rightly understood. *Moody* v. *Inhbts. of Camden,* 61 Maine, 264, 265. *Mitchell* v. *Chase,* 87 Maine, 172, 176. In *Sposedo* v. *Merriman,* 111 Maine, 530 at Page 542, Mr. Justice KING said: "Since the statutes were enacted allowing much freedom as to amendments it has been the general rule that no variance between the allegations and proof is to be deemed material unless it is such as must have reasonably misled the adverse party to his prejudice in maintaining his action or defense." And in the law court, after verdict, an amendment has been considered as made when the case has been fully understood and tried without surprise to either party. *Wyman* v. *American Shoe Finding Co.,* 106 Maine, 263. *Clapp* v. *Cumb. Co. Pow. & Light Co.,* 121 Maine, 356.

It is a fair construction of the language used in the declaration to say that it sufficiently alleges that on the day named the plaintiff was one of the employees then regularly employed; we think that ordinarily read, it would be so understood. Insert the word "so" before the word "employed" in the last clause quoted and the allegation would meet the most technical critcism. The statute is remedial and procedure should be in accordance with such construction.

Inasmuch as the case had been rightly understood at the trial, and the allegations clearly indicated the intention of the pleader to institute an action against a non-assenting employer by an employee under the statute, we see no objection to the amendment offered; it simply made the declaration more formal. *Mitchell* v. *Chase,* supra. *Moody* v. *Inhbts. of Camden,* supra.

The defendant also contends that the injury was not sustained by the plaintiff in the course of his employment. If this is true, the plaintiff was not prejudiced by the ruling.

In *Westman's Case,* 118 Maine, 133, 142, an employee was said to have received injuries in the course of his employment where he "was doing, at a time, at a place, and of a nature, the duties which his employment reasonably called him to perform."

In *White* v. *Ins. Co.*, 120 Maine, 62, 68 the rule is stated: "An injury is received in the course of the employment when it comes while the workman is doing the duty which he is employed to perform."

In *Fournier's Case*, 120 Maine, 236, 240, it is said: "An accident arises in the course of the employment when it occurs within the period of the employment at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties, or engaged in doing something incidental thereto."

The plaintiff testifies: "My duties were to look after the stripper and keep the saws sharp and look after the machines, do the oiling, both stripper and bolter, and feed the boards into the stripper."

The defendant testifies:

"Q. Did you hire Mr. Charles to work for you?
"A. I did.
"Q. What did you engage him to do?
"A. To run the stripper.
"Q. Did he have any other duties than to run the stripper?
"A. No, he did not.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

"Q. Did you ever see Mr. Charles oil the bolter?
"A. No, sir; I never did.
"Q. Did you ever give him permission to oil the bolter?
"A. No, sir; I never did.
"Q. Whose duty is it to oil the bolter?
"A. It is the man that runs the saw, that runs the bolter saw."

Around these squarely contradictory statements is much evidence supporting one contention or the other. We think that in the present case it was peculiarly a question for the jury to decide, under the rule as stated, whether plaintiff received his injury in the course of his employment. There was much evidence on the point for the consideration of the jury.

*Exceptions sustained.*